**Allen JUENGER and Fern Juenger, Plaintiffs,**

**v.**

**BUCYRUS-ERIE COMPANY, a Corporation, and Walter Palmer, Defendants.**

**Civ. No. 67-49.**

United States District Court
E. D. Illinois.

June 4, 1968.

C. Glennon Rau, Belleville, Ill., for plaintiffs.

Cornelius T. Ducey, of Johnson, Ducey & Feder, Belleville, Ill., for defendants.

JUERGENS, Chief Judge.

MEMORANDUM AND ORDER

Defendant Bucyrus-Erie Company moves to dismiss Counts V, VII, IX and X, and defendant Walter Palmer moves to dismiss Count VIII of the complaint. Each motion is premised on failure to state a claim upon which relief can be granted.

Count V is based on the Structural Work Act of the State of Illinois, namely, Section 60–69, Chapter 48, Illinois Revised Statutes. This Act, commonly referred to as the "Scaffolding Act," provides in pertinent parts as follows:

"All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon.

"For any injury to person or property, occasioned by any wilful violations of this act, or wilful failure to comply with any of its provisions, a right of action shall accrue to the party injured, for any direct damages sustained thereby; * * *."

Defendant moves to dismiss this count for failure to state a cause of action in that under the provisions of the Act the scaffold must be used "in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, * * *" and asserts that the stripping shovel, the cat-walk of which it is alleged was a scaffold, does not come within the provisions of the Scaffolding Act.

The complaint alleges that the plaintiff was employed on a stripping shovel, described as "world-record size stripping shovel" which is as high as a 20-story building and is wider than an 8-lane highway and outreaches an average city block. It is contended that the stripping shovel comes within the description of the statute as "other structure."

No case has been cited where any court of the State of Illinois has been called to rule upon the specific question here presented, namely, as to whether the Scaffolding Act applies to personal property such as is here involved, or whether the application of the Act is limited to real estate.

The Act provides protection for scaffolds, etc., which are used on or about any house, building, bridge, viaduct, or other structure. The rule of ejusdem generis applies in construing the words "other structure" used in the statute. Bullman v. City of Chicago, 367 Ill. 217, 10 N.E.2d 961. Bossert v. Wabash R. Co., 338 Ill.App. 488, 87 N.E.2d 859. Each of the words preceding "other structure" describes items that are permanently fixed to real estate. Albeit, the stripping shovel here mentioned as the "world-record size stripping shovel" is huge in proportions, having a height equivalent to a 20-story building and being wider than an 8-lane highway, it is nevertheless movable and is so constructed as to be moved about *on* real estate. It is not fixed *to* real estate as are the items preceding the words "other structure" in the statute. If the Scaffolding Act applied to work being performed on movable personal items, it would then follow that a mechanic working on a truck and using a saw-horse to stand upon could come within the provisions of the Scaffolding Act; clearly, such an interpretation is not warranted. If this item of personal property is intended to be within the provisions of the Scaffolding Act, such inclusion must be on the part of the Legislature and it is not within the prerogative of this Court to so extend the interpretation of the legislative act.

Since the work being performed was on a movable item of personal property, it does not come within the provisions of the Scaffolding Act and defendant's motion to dismiss Count V will be allowed.

Defendants move to dismiss Counts VII and VIII. These counts are based on the doctrine of res ipsa loquitur and contain sufficient allegations to invoke the doctrine. The motion to dismiss Counts VII and VIII will be denied.

Defendant Bucyrus-Erie contends that Counts IX and X of the complaint (products liability counts) do not state with sufficient particularity the manner in which the design of the shovel was defective and do not state with sufficient particularity the manner in which the item in question was negligently manufactured.

■ Under Illinois law a defect in design, as well as a defect in manufacture, is actionable and whether the design defect in the present case is of a nature upon which liability can be imposed involves the factual question of whether it creates an unreasonably dangerous condition or whether the product in question has lived up to the required standard of safety. Wright v. Massey-Harris, Incorporated, 68 Ill.App.2d 70, 215 N.E.2d 465 (5th Dist.1966). Count IX alleges specific defective conditions as to design and manufacture. Count X alleges negligent design and manufacturing. Both counts specify the factors which support the allegations. Considering the counts in their entirety, they are sufficient to state a cause of action under the products liability theory as it has been developed by the courts of the State of Illinois. The motion to dismiss Counts IX and X will be denied.

It is therefore, the order of this Court that defendant Bucyrus-Erie Company's motion to dismiss Count V be and the same is hereby allowed and Count V is hereby dismissed.

It is the further order of this Court that defendant Bucyrus-Erie Company's motion to dismiss Counts VII, IX and X be and the same is hereby denied.

It is the further order of this Court that defendant Walter Palmer's motion to dismiss Count XIII be and the same is hereby denied.