RICHARD W. SWENDSEN, Plaintiff-Appellant, *v.* BRIGHTON BUILDING & MAINTENANCE CO. *et al.,* Defendants-Appellees.—(FITZSIMONS & CONNELL DREDGE & DOCK COMPANY *et al.,* Petitioning Intervenors.)

Third District   No. 75-300

Opinion filed September 16, 1976.

Elmo Koos, of Peoria, for appellant.

Westervelt, Johnson, Nicoll & Keller, and Strodel & Kingery, both of Peoria (David Lynch, of counsel), for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Richard Swendsen appeals from a summary judgment in favor of defendants in an action brought under the Structural Work Act (Ill. Rev. Stat. 1975, ch. 48, par. 60 *et seq.*).

Defendants, known as "Brighton Krug Joint Venture," were general contractors for the construction of the Interstate Route No. 474 bridge across the Illinois River at Peoria. In order to construct the piers for the bridge, pilings 40 feet long were driven into the riverbed and were interlocked so that the water could be kept out while forms for the piers were built and concrete was poured into the forms. The pilings in effect formed the walls for work areas on the river bottom within which construction could be carried on. After the concrete hardened, the pilings were removed and stacked on the riverbank until needed for additional piers.

Plaintiff was employed by a subcontractor and, at the time of his accident, was engaged in stacking the pilings on shore after they had been pulled out of the river. A crane was used to lift each piling from a barge to the shore. A spreader attached to the crane had two cables, each with a hook to be fastened to one end of a piling. After guiding a piling into place on top of the stack, plaintiff unhooked one end, and then, in order to reach the other end, he walked along the piling. Either the piling moved, or his foot slipped on some wet mud, causing him to fall eight or ten feet into a drainage ditch where he landed on a tire rim.

Plaintiff brought suit to recover for his injuries, alleging that defendants failed to comply with the Structural Work Act in that they "knowingly permitted the piling of steel pilings" (1) in an unsafe manner without

adequate protection for persons employed thereon, (2) without any support to permit a person walking thereon from falling, and (3) without attaching a guard rail to protect persons walking thereon. The amended complaint also alleged that, as a direct and proximate result, plaintiff fell from a piling and suffered serious injuries for which he asked $100,000 damages.

Defendants' motion for summary judgment stated that the facts alleged by plaintiff cannot support a cause of action under the Structural Work Act. Accompanying the motion was plaintiff's discovery deposition in which he explained how the accident occurred.

After hearing arguments of counsel, the trial court allowed the motion and entered judgment for defendants. Plaintiff has appealed from that judgment order.

Plaintiff contends that the summary judgment should be reversed because at the time plaintiff fell from the stack of pilings, he was covered by section 1 of the Structural Work Act (Ill. Rev. Stat. 1975, ch. 48, par. 60), which provides in part:

"That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed * * * for the use in the erection * * * of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon * * *."

Plaintiff reasons that the pilings were "stays" or "supports" used in the erection of a bridge, that their removal from around the piers was necessary to the erection of the bridge, and that he was therefore within the protection of the Act when he was working on the pilings. Plaintiff relies upon *McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 317 N.E.2d 573, where an employee unloading construction material was held to be covered by the Act. Defendant disputes plaintiff's argument and says that *McNellis* is distinguishable because of the special contractual provisions which made the unloading location a part of the construction site. *Farley v. Marion Power Shovel Co.* (1975), 60 Ill. 2d 432, 437, 328 N.E.2d 318, 320.

The Structural Work Act has been liberally construed in order to afford broad protection to working men engaged in work activities of a particularly hazardous nature. *(Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64.) However, the supreme court, in *Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 536, 263 N.E.2d 817, 819, has also said:

"The Structural Work Act has never been interpreted nor is it the opinion of this court that the legislature intended the statute to cover any and all construction activities whatsoever."

In *Crafton*, an ironworker fell from the back of a tractor which was hauling structural steel from a railsiding to a construction site several hundred yards away. At the time of his injury, the worker's job was to tie the steel into bundles at the railsiding and, after the bundles were transported to the building site by a cable hoist attached to the tractor, he had to unfasten the bundles from the tractor hoist. The area was covered with deep mud, and he rode on the back of the tractor from one location to the other. The supreme court refused to extend the Structural Work Act to cover the work of gathering construction materials and transporting them to a construction site, and reversed a judgment for plaintiff.

Similarly, we believe the plain language of the Act cannot be interpreted to cover the unloading of dismantled piling materials. The pilings stacked on the riverbank were not a scaffold or support erected or constructed for use in the construction of a bridge at the time of plaintiff's injury.

Plaintiff failed to establish that he had no alternative except to walk on the piling to get from one end to the other. In his deposition he said that he did so because " * * * there was that ditch that went through there that I was telling you about. You'd have to walk down over that hill and around, for one thing, if you went that way. And the other side, like I say, they had [pilings] scattered all over the place." The fact that a worker chooses to walk upon a stack of material instead of around it does not convert the materials into a scaffold within the meaning of the Act. To hold otherwise, would permit an employee to stand or walk wherever he wishes and, if he is off the ground, his choice becomes a scaffold.

Clearly the stack of pilings was not itself a "structure" for which defendants were required to provide a scaffold under the Act. Moveable personal property was held to be excluded from the term structure in *Farley v. Marion Power Shovel Co.* (1975), 60 Ill. 2d 432, 328 N.E.2d 318, and *Juenger v. Bucyrus-Erie Co.* (E.D. Ill. 1968), 286 F. Supp. 286.

Plaintiff also contends that he was covered by the Act because his accident resulted from improper use of the crane. However, plaintiff was not riding on the crane at the time, and there is no basis in the record for concluding that operation of the crane was the proximate cause of his injury.

Under the facts of this case, the Structural Work Act does not apply as a matter of law.

The trial court did not err, in any event, because plaintiff also failed to establish that the alleged violation was wilful, as required by the Act. (Ill.

Rev. Stat. 1975, ch. 48, par. 69.) In *Vykruta v. Thomas Hoist Co.* (1st Dist. 1966), 75 Ill. App. 2d 291, 304, 221 N.E.2d 99, 105, the court said:

"[T]he evidence must show that on occasions prior to the injury the plaintiff or other workers had used as a scaffold or hoist an object not designed for such use and that this practice or usage was or reasonably should have been known to the defendant." `

The court in *Getz v. Del. E. Webb Corp.* (1st Dist. 1976), 38 Ill. App. 3d 880, 349 N.E.2d 682, affirmed a directed verdict in favor of defendants where plaintiff fell from a moveable scaffold on which he was riding contrary to standard safety practices. The decision was based in part on plaintiff's failure to establish that defendant knew or should have known of plaintiff's "dangerous use" of the scaffold.

In *Lavery v. Ridgeway House, Inc.* (1st Dist. 1969), 117 Ill. App. 2d 176, 354 N.E.2d 117, plaintiff fell while riding a material hoist at a construction site. A directed verdict for defendants was affirmed because plaintiff failed to establish that the hoist was dangerous or that defendants knew that the hoist was used for carrying personnel. The court found that plaintiff's use of the hoist was an emergency use and that he did not establish defendants' wilful violation of the Act.

We believe these cases are controlling here. Obviously the stack of dismantled pilings was not *designed* for use as a platform for workers. Neither the allegations of the complaint nor the facts related in the deposition would permit the court to conclude that defendants knew or ought to have known that the stack of pilings were being used to support workmen.

Therefore, plaintiff failed to establish a cause of action under the Structural Work Act. The summary judgment in favor of defendants is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.