THE PHYSICIAN'S PROFESSIONAL LIABILITY TRUST *et al.*, Plaintiffs-Appellees, *v.* ROBERT B. WILCOX, Director, Department of Insurance, Defendant-Appellant.

First District (1st Division)   No. 76-1105

Opinion filed October 11, 1977.

William J. Scott, Attorney General, of Chicago (Bonny Sutker Barezky, Assistant Attorney General, of counsel), for appellant.

Joseph B. Cleary and Edward L. S. Arkema, both of Deerfield, for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

The issues raised by this appeal may, in our opinion, be readily disposed of by a statement of the pertinent facts and an examination of the applicable statutes. Business Motivators, Inc., Planned Security, Inc., Lionel W. Bourdage and Anthony Guzauskas (plaintiffs) filed two suits against Robert B. Wilcox, Director of Insurance of Illinois (defendant). Motions to dismiss both were filed by defendant. The cases were consolidated and the motions to dismiss were denied by the trial court. The court certified issues to this court for permissive appeal. (Supreme Court Rule 308(a), Ill. Rev. Stat. 1975, ch. 110A, par. 308(a).) This court granted permission to appeal.

The record shows that on January 14, 1976, defendant issued a warrant for examination appointing certain persons to examine the insurance business and affairs of plaintiffs. The warrant directed these persons to furnish defendant with a statement of the condition of plaintiffs' insurance business and affairs and the manner in which the same were conducted. On January 26, 1976, defendant issued a cease and desist order against plaintiffs. The order required cessation of all activities whereby plaintiffs sought to provide medical malpractice benefits to licensed physicians. The order recited that plaintiffs were conducting their business in a manner hazardous to persons participating therein and to the public. (See Ill. Rev. Stat. 1975, ch. 73, par. 1013.1(2).) The order further recited that plaintiffs had engaged in the insurance business in Illinois without a certificate of authority from defendant. (See Ill. Rev. Stat. 1975, ch. 73, par. 733.) On the same date defendant issued notice of the time and place of an administrative hearing in the office of defendant concerning the subject matter of the order.

On March 3, 1976, an administrative hearing was held in the office of defendant pursuant to the notice. Plaintiffs participated in this hearing. Before any further action had been taken by defendant, on March 24,

1976, plaintiffs filed a suit in the circuit court (No. 76 CH 1676), seeking dissolution of the order to cease and desist and injunctional and other relief. Defendant filed a motion to dismiss this first suit upon the theory that the Administrative Review Act of Illinois was the exclusive method of judicial review open to plaintiffs.

On April 5, 1976, the hearing officer appointed by defendant issued findings of fact, conclusions of law and recommendations. This document recited the finding that plaintiffs had attempted to create an alternative solution to the availability problem of professional liability insurance coverage. It concluded that all of the plaintiffs (except Anthony Guzauskas) were conducting an insurance business within Illinois. It recommended that the cease and desist order be dissolved as regards Guzauskas and that the previous cease and desist order be continued in force regarding the remaining plaintiffs until they had obtained a certificate of authority under Illinois law. On April 6, 1976, the defendant issued a final order in accordance with these recommendations. A copy of this order was mailed to counsel of record for plaintiffs on April 7, 1976. The covering letter provided that the enclosed order was "subject to review in accordance with Section 407 of the Illinois Insurance Code [Ill. Rev. Stat. 1975, ch. 73, par. 1019] which allows for a 30 day period from date of receipt of the Order to begin proceedings." The letter and order were received by counsel for plaintiffs on April 8, 1976.

On May 10, 1976, all of the plaintiffs, except Anthony Guzauskas, filed a second suit against defendant (No. 76 CH 2702), seeking review of the defendant's final order and injunctional relief.

Defendant filed a motion to dismiss the second suit upon the theory that the provisions of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*), applied to the proceedings and provided the exclusive method of reviewing the final order. Thereafter the first and second suits were consolidated for hearing. The motions to dismiss were denied and the trial judge then certified the matter for permissive appeal.

The issues thus placed before us are:

(1) Is the Administrative Review Act of Illinois the exclusive method by which plaintiffs may challenge the final administrative order of defendant; and

(2) Did plaintiffs, by proceeding with an administrative hearing, waive their right to challenge the initial cease and desist order so that the issues raised in plaintiffs' complaint as first filed became moot.

These proceedings by cease and desist order are authorized by article XXIV of the Illinois Insurance Code (Ill. Rev. Stat. 1975, ch. 73, pars. 1013 through 1019.2.) Two particular portions of this enactment must be noted (pars. 1013.1(4) and 1013.1(6)):

"(4) At any time prior to the commencement of a hearing as provided in this Section, the person may waive the hearing and have judicial review of the order by means of any remedy afforded by law without first exhausting administrative remedies or procedures.

\* \* \*

(6) Any person or company subject to an order or proceeding pursuant to this Article is entitled to judicial review of the order or proceeding by means of any remedy afforded by law. Proceedings for judicial review shall be commenced within 60 days from the making and service of any order issued under this Section."

Within the same article, section 407 (Ill. Rev. Stat. 1975, ch. 73, par. 1019) is entitled "Court Review of Orders and Decisions." Subparagraph (1) provides that orders of the Director pursuant to article XXIX of the Insurance Code (Ill. Rev. Stat. 1975, ch. 73, pars. 1065.1 through 1065.18), pertaining to workmen's compensation and employers' liability rates and also article XXX½ (Ill. Rev. Stat. 1975, ch. 73, pars. 1065.18—1 through 1065.18—34), pertaining to property and casualty rates other than workmen's compensation and employers' liability, shall be subject to review by the circuit court of Sangamon County or the circuit court of the county in which the principal office of the aggrieved company is located. The following section (par. 1019(1)(a)), provides that the petition for review of such orders is to be filed within 30 days from service of a copy of the Director's order. The remainder of subparagraph (1) sets out a procedure for judicial review to be followed in the cases to which the subparagraph applies. (Ill. Rev. Stat. 1975, par. 1019(1)(a) through (1)(e).) The following portion of the statute (Ill. Rev. Stat. 1975, ch. 73, par. 1019(2)) provides:

"(2) Except as hereinabove provided and except as to those orders or decisions of the Director to make good an impairment of capital or surplus or a deficiency in the amount of admitted assets, the provisions of the 'Administrative Review Act', approved May 8, 1945, and all amendments and modifications thereof, and the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Department."

It will be noted that the letter from defendant's office directed to one of plaintiffs' counsel, dated April 7, 1976, specified that the enclosed final order of defendant was subject to review in accordance with section 407 of the Illinois Insurance Code, the equivalent of Ill. Rev. Stat. 1975, ch. 73, par. 1019. The resulting confusion is apparent.

■■ Considering first the issue of waiver, the initial suit filed by

plaintiffs on March 24, 1976, sought to attack the original cease and desist order issued by defendant on January 26, 1976. This was after the administrative hearing which was held March 3, 1976, and prior to the final administrative order issued by defendant on April 6, 1976, received by plaintiffs' counsel on April 8, 1976. In our opinion, the final order issued after a full hearing supplanted the original *ex parte* order. In this regard the original order became *functus officio,* much as a preliminary injunction after full trial and entry of a judgment for permanent injunction. See *Schuler v. Wolf* (1939), 372 Ill. 386, 389, 24 N.E.2d 162.

However, plaintiffs' second suit, filed May 10, 1976, attacked the validity of the final administrative order. The suit was in actuality an attempt to obtain judicial review of the final administrative order. We find no waiver of any kind by plaintiffs in connection with the second suit.

It remains to examine the possible statutory bases for judicial review by plaintiffs of the final administrative order entered April 6, 1976, and served upon plaintiffs' counsel on April 8, 1976. Upon initial examination, three methods of judicial review appear which we will consider in order.

I.

Turning first to section 401.1 of the Illinois Insurance Code (Ill. Rev. Stat. 1975, ch. 73, par. 1013.1), subsections (4) and (6), above quoted, must be read together. Subsection (4) is directed to the right of an aggrieved person to waive an administrative hearing and to have judicial review without first exhausting administrative remedies. Subdivision (6) is apparently directed to judicial review of orders and proceedings "pursuant to this Article." (Ill. Rev. Stat. 1975, ch. 73, par. 1013.1(6).) We need not dwell upon the intricacies of these two subdivisions since neither party to this appeal relies thereon. Plaintiffs base their claim for relief under section 407(1) of the Illinois Insurance Code (Ill. Rev. Stat. 1975, ch. 73, par. 1019(1)), which we will consider.

II.

Section 407 of the Insurance Code (Ill. Rev. Stat. 1975, ch. 73, par. 1019), is entitled "Court Review of Orders and Decisions." This entire paragraph is divided into sections (1) and (2). The entire first portion of this enactment (par. 1019(1)) is, in our opinion, clearly inapplicable here. It is limited by its terms to orders or decisions made by the Director pursuant to articles XXIX and XXX½ as above pointed out. Neither of these articles is involved in the litigation before us. Therefore, we are obliged to reject plaintiffs' contention that their petition for review of the Director's final order was authorized by statute because it was properly filed within 30 days from the date of the service of a copy of the order and

otherwise complied with section 407(1) of the Insurance Code. Ill. Rev. Stat. 1975, ch. 73, par. 1019(1).

Plaintiffs argue that the procedure for judicial review set forth in section 407(1) of the Insurance Code (Ill. Rev. Stat. 1975, ch. 73, pars. 1019(1)(a) through (1)(e)), is the applicable method of review of the order of April 6, 1976. As we have noted, this section, by its terms, is applicable to orders or decisions by the Director issued "pursuant to the provisions of Article XXIX or XXX ½" of the Insurance Code. In urging the applicability of section 407(1), plaintiffs have cited 13 sections of the Insurance Code which designate "Section 407" of the Code as a method of judicial review of the decisions or proceedings authorized in those portions of the Code. (Ill. Rev. Stat. 1975, ch. 73, pars. 640.2, 737.19a, 743.27, 744, 755, 766.1, 766.4, 767.63, 1034, 1065.18, 1065—18—28, 1065.50, 1065.216.) Plaintiffs assert these references to section 407 require us to construe as surplusage the language of 407(1) stating the applicability of that section to orders issued under articles XXIX and XXX½ of the Code. Plaintiffs conclude that this construction would recognize the manifest legislative intention that 407(1) procedures be available for review of final administrative decisions. We cannot agree.

Prior to 1959, the procedures for review currently delineated in section 407(1) were applicable to "[a]ny order or decision made, issued or executed by the Director, except an order to make good an impairment of capital or surplus or a deficiency in the amount of admitted assets* * *." (Ill. Rev. Stat. 1957, ch. 73, par. 1019(1).) On July 15, 1959, through an amendment of section 407 (par. 1019) the legislature adopted the Administrative Review Act as the method of review of final decisions of the Insurance Department and, for the first time, added the language qualifying the availability of section 407(1) procedures to proceedings under articles XXIX and XXX. ("An Act to amend Section 407 of the 'Illinois Insurance Code'* * *" 1959 Ill. Laws 1146, §1.) Therefore, although prior to 1959, review under section 407(1) may have been applicable to final administrative decisions, the 1959 amendment was a clear statement of the legislature's intent that final decisions henceforth be reviewable under the Administrative Review Act.

We cannot accept the contention of plaintiffs that, by expressly adopting the Administrative Review Act and at the same time limiting the availability of section 407(1), the legislature intended section 407(1) to provide an alternative method of review parallel to but different from the Administrative Review Act. Such construction would be contrary to the expressed purpose of the Administrative Review Act, more fully discussed below, to provide a single uniform method of review in place of preexisting and divergent common law and statutory remedies. (Ill.

Rev. Stat. 1975, ch. 110, par. 265.) Finally, in regard to the several statutory references to review under section 407 as cited by plaintiffs, we need only point out that these enactments do not specify either subsection 407(1) or subsection 407(2). We are unwilling to conclude that, by such general language, the legislature meant to negate in any way the adoption of the Administrative Review Act as the exclusive method of reviewing defendant's final decisions. Ill. Rev. Stat. 1975, ch. 73, par. 1019(2).

## III.

■■ In our opinion, the proper and exclusive method of judicial review of the final order of the Director in the case before us is set forth in section 407(2) (Ill. Rev. Stat. 1975, ch. 73, par. 1019(2)) as above quoted which applies the provisions of the Administrative Review Act to judicial review of orders of the defendant such as the one before us. This act provides for 35 days after service of the copy of the decision within which the party affected may file proceedings for judicial review. (Ill. Rev. Stat. 1975, ch. 110, par. 267.) In applying this statute, we are depending upon a method of judicial review of administrative decisions which has been standardized by the statute and by the courts, which is thoroughly familiar to practicing attorneys and which is applicable to a wide variety of administrative decisions.

In our opinion, any other interpretation of the statutes before us would be incongruous and virtually pernicious. It is an accepted rule of statutory construction that the legislature is presumed "not to have intended an absurdity or injustice." (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 128, 302 N.E.2d 64.) It is manifest that any attempt to apply multifarious limits to the limitation period for filing legal proceedings would be impossible of practical application by the members of the bar.

This result dovetails with our answer to the inquiry placed before us by the trial court and the parties as to whether the Administrative Review Act is the exclusive method by which plaintiffs may proceed with judicial review. It has been strongly and repeatedly held in Illinois that by passage of the Administrative Review Act, our legislature intended to replace all methods previously available for judicial review with "a single procedure [for] the judicial review of the decisions made by administrative agencies in particular cases." *People ex rel. Naughton v. Swank* (1974), 58 Ill. 2d 95, 102, 317 N.E.2d 499, citing *Chicago Welfare Rights Organization v. Weaver* (1973), 56 Ill. 2d 33, 38-39, 305 N.E.2d 140, *cert. denied* (1974), 417 U.S. 962, 4 L. Ed. 2d 1135, 94 S. Ct. 3164; *Ballew v. Edelman* (1975), 34 Ill. App. 3d 490, 497-98, 340 N.E.2d 155. See also *Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529, 367 N.E.2d 1286.

■■ It is beyond dispute that when a statute creating an administrative agency adopts or refers to the Administrative Review Act as the means of judicial review, the remedy under that Act is exclusive and " 'any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed* * *.' " *People ex rel. Naughton,* 58 Ill. 2d 95, 102, quoting Ill. Rev. Stat. 1969, ch. 110, par. 265; *People ex rel. Petersen v. Turner Co.* (1976), 37 Ill. App. 3d 450, 456, 346 N.E.2d 102, and cases there cited.

One further factor must be considered. In our opinion it would be completely inequitable and unfair to reach a result which would prevent plaintiffs from judicial review of the administrative order now outstanding against their activities. The only obstacle to such review at this time would be the fact that the two complaints filed by plaintiffs, as presently consolidated, do not comply with the technical requirements of the Administrative Review Act. (Ill. Rev. Stat. 1975, ch. 110, par. 272.) Plaintiffs' second suit, however, was filed in apt time within the 35-day limitation period expressed in the Administrative Review Act.

Defendant urges strongly that plaintiffs had ample opportunity to comply with the Act because defendant raised this issue in two motions to dismiss. Two cogent reasons impel us to reject this argument. First, defendant cannot deny the fact that by its letter to plaintiffs' counsel, above described, it erroneously cited a section of the law to plaintiffs other than that which applied the Administrative Review Act. Secondly, as we have shown, the various statutory enactments here considered placed a difficult burden upon counsel for plaintiffs, as they would upon any other able members of the bar, to determine the exact time limitation applicable to judicial review.

Accordingly we will partially affirm the order appealed from so that judicial review may proceed. However, defendant is correct in its contention that there should be compliance with the Administrative Review Act. We therefore direct that if plaintiffs desire to continue with the litigation, the trial court shall first sever the consolidated causes and dismiss the first suit, No. 76 CH 1676. The second suit, No. 76 CH 2702, shall continue in accordance with the Administrative Review Act. The trial court shall require plaintiffs to file an amendment to their present complaint in order to obtain compliance with the pleading and other requirements of the Act. Defendant should also be required to answer the complaint as thus amended in accordance with the Act. Ill. Rev. Stat. 1975, ch. 110, par. 272(b).

Judgment affirmed, cause remanded with directions.

McGLOON and O'CONNOR, JJ., concur.