RODNEY SCHULTZ, Plaintiff-Appellant, v. OTTAWA SILICA COMPANY, Defendant-Appellee.

Third District   No. 3—84—0611

Opinion filed May 8, 1985.—Rehearing denied June 18, 1985.

Craig M. Armstrong, of Ottawa, for appellant.

T. Donald Henson and Robert M. Hansen, both of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Rodney Schultz appeals from entry of summary judgment in favor of Ottawa Silica Company (hereinafter Ottawa Silica), in his suit under the Structural Work Act (Ill. Rev. Stat. 1983, ch. 48, par. 60). The trial court determined that the plaintiff's injuries did not come within the scope of the Structural Work Act. The issue raised on appeal is whether the pile of loose scaffolding sections, from which plaintiff was pulling individual sections at the time of his injuries, was a scaffold or support structure, within the meaning of the Act.

The pertinent facts from the record, as set forth in affidavits and depositions before the court, indicate that Schultz was a laborer working on a construction site at the time of his injuries. Schultz was a part of a group of laborers and carpenters who were attempting to remove individual scaffold sections from a large pile of such sections. The sections were entwined and interlocked. They had been carried by a small mobile crane to the spot where the workers were trying to untangle them. Testimony indicated that the jumbled pile of scaffold sections reached 8 to 10 inches in height. Evidence indicated that it was a difficult task to separate the individual pieces, and on occasion Schultz and other workers stepped up on the pile or climbed on it, in

order to facilitate the removal of individual pieces. The accident occurred when Schultz was pulling an individual scaffold section out of the pile, and as he did so, the entire pile shifted and collapsed on him. Schultz suffered a compound fracture to his right leg as a result of the accident.

The defendant, Ottawa Silica, filed its motion for summary judgment, attaching thereto the discovery deposition of plaintiff Rodney Schultz. Plaintiff opposed the motion for summary judgment, and attached to his motion in opposition the discovery deposition of Dale Reynolds, a co-worker of the plaintiff. The trial court, having reviewed the evidence in the record before it, and hearing arguments of counsel, entered summary judgment in favor of the defendant, Ottawa Silica, and against plaintiff, Rodney Schultz. In denying the plaintiff's motion to reconsider, the trial judge specifically found that the pile of scaffolding sections was neither a scaffold or support, nor a structure for which a scaffold or support was required. Therefore, the court found that the accident was not within the purview of liability imposed by the Structural Work Act. From the court's judgment, Schultz appeals.

We affirm.

As we noted in *Swendsen v. Brighton Building & Maintenance Co.* (1976), 41 Ill. App. 3d 930, 355 N.E.2d 164:

"The Structural Work Act has been liberally construed in order to afford broad protection to working men engaged in work activities of a particularly hazardous nature. [Citation.] However, the supreme court, in *Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 536, 263 N.E.2d 817, 819, has also said:

'The Structural Work Act has never been interpreted nor is it the opinion of this court that the legislature intended the statute to cover any and all construction activities whatsoever.' "

The Act, by its terms, provides in part:

"That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed *** for the use in the erection *** of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon ***." Ill. Rev. Stat. 1983, ch. 48, par. 60.

As both parties agree, the issue here is whether the pile of scaffold sections was a scaffold, support, or support device within the meaning of the Structural Work Act; or whether it was a structure which itself required a scaffold or support, under the Act. We find that it was not. The *Swendsen* case is very similar, for in that case a worker was injured while walking upon pilings that had been removed and stacked on the riverbank. The pilings had been used for support when they were in place in the river bottom, but at the time of plaintiff's injury, they had been removed from the river bottom and were merely stacked on the bank. This court found that there was no Structural Work Act liability. The court concluded that the dismantled pile of material, the individual pilings, was not to be considered a scaffold or support erected or constructed for use on the job. Furthermore, we noted that the stack of pilings was not itself a structure for which the defendants were required to provide a scaffold under the Act. (*Swendsen v. Brighton Building & Maintenance Co.* (1976), 41 Ill. App. 3d 930.) The facts in the instant case are very similar to those in *Swendsen*. While the scaffolding sections, when erected, become a part of a support device, as unassembled individual pieces they were not designed or used as a scaffold or support device. The purpose of piling the individual scaffold pieces on the ground was not to provide a support structure for workers to use on the site. The purpose was to facilitate removal of individual pieces by the workers, so that the sections could be carried over to an area where carpenters were erecting the scaffolds. That the individual pieces would ultimately, when combined, be used for the purposes of support, does not alter the fact that as individual pieces, in a pile, they had no such purpose or use. Nor is there anything in the record to indicate that a support device of any nature should have been placed underneath the pile of scaffold sections, and that the failure to provide such support device resulted in plaintiff's injuries. Finally, there is nothing in the record to indicate that Schultz was required, either by express direction or by the circumstances of the job he was performing, to use the scaffold pieces for support. Both he and Reynolds testified that they did climb upon the pile of individual sections in order to untangle them, but nothing indicates the necessity of those actions in order to accomplish the job before them.

The cases relied upon by the plaintiff, Schultz, are not analogous to the situation in the instant case. *Navlyt v. Kalinich* (1972), 53 Ill. 2d 137, dealt with the failure to provide necessary support devices for a trench, in which a sewer was being installed. There, the court held the Act had application, because it was shown that a support device

was required or necessary for the work activity to be safely carried out. In this case, there is no indication that a support device for the pile of scaffolding sections would have permitted the plaintiff, Schultz, to safely carry out his job. In *Urman v. Walter* (1981), 101 Ill. App. 3d 1085, the worker was injured when a pile of roof trusses fell on him as they were being loaded. The basis for the court's conclusion that the injuries were covered by the Structural Work Act was its determination that the failure to provide a support device, there cribbing for beneath the trusses, was a violation under the Act. In the instant case, as noted, there is no indication in the record that there should have been a support device under the pile of scaffolding sections here, and that such support device would have prevented or reduced the injuries to plaintiff. The other cases relied upon by the plaintiff, Schultz, involve clear situations wherein ladders, scaffolds, or other support devices were used or were required to be used. *Swendsen* is controlling.

We affirm the decision of the circuit court in the instant case.

Affirmed.

SCOTT and STOUDER, JJ., concur.