GERARDO ACQUAVIVA, Plaintiff-Appellant, *v.* SEARS ROEBUCK & COMPANY *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 77-1796

Opinion filed January 16, 1979.

Patrick J. Reilly, of Chicago (Reilly & Sentman, of counsel), for appellant.

Francis J. Marasa, of Chicago (Sweeney and Riman, Ltd., of counsel), for appellee Ragnar Benson, Inc.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals from an order striking his third amended complaint and dismissing the action as to all parties. The complaint is based solely upon alleged wilful violations of the Illinois Structural Work Act (Ill. Rev. Stat. 1975, ch. 48, pars. 60, 69), resulting in personal injuries to plaintiff.

The complaint alleges that plaintiff was the operator of a mortar mixing machine, situated at a building construction site, the functioning of which required plaintiff to climb on top of an empty wheelbarrow and place one foot on the mixer in order to pull down a four foot lever at the front of the machine, which emptied it into a second empty wheelbarrow standing alongside the first; and that after loading the wheelbarrow with mortar, plaintiff would wheel it into the nearby building where the mortar was used in the construction process. On the date of plaintiff's injuries, as he stood upon the wheelbarrow and the mortar mixer, he pulled the lever, lost his balance, fell backwards and sustained serious injuries. The mortar mixer, which was described as being five feet high and four feet wide, was alleged to have been raised on legs that stood on a small, defective base plate. Plaintiff further asserts that defendants failed to furnish a safe and suitable scaffold necessary to provide proper support for the operation of the mortar mixing machine.

The motion granted by the trial court was brought by defendant

Ragnar Benson, Inc., on the ground that the mortar mixing machine, a movable piece of equipment, is not covered by the Structural Work Act. The parties to the appeal[1] agree that the principal issue is whether the mortar mixing machine and the use to which it was being put by plaintiff at the time of the accident falls within the ambit of the statute, or not.

Section 1 of the Structural Work Act provides, in pertinent part, as follows (Ill. Rev. Stat. 1975, ch. 48, par. 60):

> "That all * * * supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon,* * *."

■■ The issue to be determined is not limited to the identity of the object being used as a support or a scaffold, but rather how it was being utilized at the time of the injury. In *Louis v. Barenfanger* (1968), 39 Ill. 2d 445, 236 N.E.2d 724, the supreme court reviewed earlier cases on this subject and in its determination cited language from *Schultz v. Ericsson Co.* (1914), 264 Ill. 156, 164, which stated (39 Ill. 2d 445, 449):

> " 'No attempt is made to define what shall be considered or shall constitute a safe, suitable and proper scaffold, which, from the very nature of things, could not well be done, for what might be a safe, suitable and proper scaffold for one kind of work under one set of conditions or circumstances would be wholly inadequate, insufficient and unsafe for doing another kind of work under other conditions or circumstances and at a different height from the ground. Consequently the legislature has not attempted to define what shall constitute a safe, suitable and proper scaffold but has cast the burden of constructing safe, suitable and proper scaffolds upon the employer, and he cannot escape liability for injuries sustained by reason of his failing to furnish such scaffolds by pleading ignorance of their dangerous condition when the conditions are known to him.' "

Further, the Supreme Court quoted with approval language from *Koepp v. National Enameling & Stamping Co.* (1912), 151 Wis. 302, 139 N.W. 179, 184, as follows (39 Ill. 2d 445, 450):

> " 'Much that has been said respecting "repairing" applies to "scaffolding" and "mechanical contrivance." The scope thereof would reasonably include any temporary structure made up of

---

[1] Of the defendants, only Ragnar Benson, Inc., has participated in the appeal.

parts, viewing the term in its broadest scope, used for support while doing any kind of work mentioned in the law, —— any kind of an elevated platform for workmen to use in the performance of their duties. Any combination for use in doing any kind of work mentioned in the statute where the servant is dependable thereon for support, in place of an ordinary surface, such as the ground or floor, is a mechanical contrivance. The Legislature, in the combination of words, "scaffolding, hoists, stays, ladders or other mechanical contrivance," viewed in a broad remedial sense in favor of employees, left little, if anything, uncovered which may be used in the work mentioned, where required to be done beyond the reach of one standing on an ordinary surface.' "

■ Examples of how movable construction equipment have been deemed supports under the Structural Work Act include *Oldham v. Kubinski* (1962), 37 Ill. App. 2d 65, 185 N.E.2d 270, wherein the injured plaintiff had climbed into the bucket of a power shovel attached to a crawler tractor, which was raised to the height necessary for him to perform certain demolition work when he fell out of the bucket onto the ground; and *Testa v. Kaluzny Brothers, Inc.* (1974), 23 Ill. App. 3d 841, 320 N.E.2d 114, wherein the injured plaintiff employed a forklift truck for the purpose of installing an overhead factory door by standing on a metal platform placed on the forks which raised him to the level of the work required of him to accomplish when the lift apparatus collapsed, throwing him to the ground. In the instant case, plaintiff argues that he was required to stand partly on a wheelbarrow and partly on the mortar mixing machine itself for support to be able to reach and operate the four-foot lever in order to discharge the mixed mortar into another nearby wheelbarrow. Under such circumstances, plaintiff could be deemed to have been employing the machine as a necessary support in pursuance of his task on the construction site. He was dependent upon both the wheelbarrow and the machine, instead of the concrete floor on which he would otherwise be standing, in order to reach the necessary control, thereby bringing the machine within the object and intent of the Structural Work Act. The absence of a suitable support for plaintiff's use in the utilization of the machine is equally actionable under the statute since it was required to be ˙"* * * operated as to give proper and adequate protection to the life and limb of any person* * * employed or engaged thereon." (Ill. Rev. Stat. 1975, ch. 48, par. 60; *Louis v. Barenfanger* (1968), 39 Ill. 2d 445; *Norton v. Wilbur Waggoner Equipment Rental & Excavating Co.* (1977), 52 Ill. App. 3d 442, 444, 367 N.E.2d 516, *aff'd* (Docket No. 50066, Dec. Term 1978), ___ Ill. 2d ___ .) Accordingly, plaintiff's third amended complaint and cause of action should not have been dismissed.

Defendant asserts that *Farley v. Marion Power Shovel Co.* (1975), 60

Ill. 2d 432, 328 N.E.2d 318, *Juenger v. Bucyrus-Erie Co.* (E.D. Ill. 1968), 286 F. Supp. 286, and *Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 263 N.E.2d 817, support the trial court's determination. Defendant argues that under *Farley,* the mortar machine was not a "house, building, bridge, viaduct or other structure" which was under construction. The issue in *Farley* was whether a large, self-propelled power shovel used in strip-mining could be deemed a "structure" as that term is used in the Structural Work Act. The supreme court in holding that it was not, made clear that the power shovel could not be construed as a "structure", principally because to permit such an interpretation would extend the Act to include every activity in which workers or mechanics are engaged, whether within or without the construction industry. In *Juenger,* a 20-foot-high mobile stripping shovel was found to be beyond the intent of the Act for much the same reasons. The work alleged to have been performed by plaintiff, however, was involved in the construction industry, proximate to the site of the construction, and was an integral part of the construction process itself. Further, plaintiff does not seek to have the mobile mortar mixer deemed a "structure" within the Act but rather a "support" or "mechanical contrivance" on which he was required to stand or work in order to accomplish his employment responsibilities. With respect to *Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 263 N.E.2d 817, plaintiff therein was not using the tractor-hoist as a support in furtherance of his work, but rather for the purpose of transportation; thus used, the tractor which lurched, thereby causing Crafton's injury, was involved in circumstances readily distinguishable from those obtaining in the instant case.

■■ Defendant Ragnar Benson further argues that the Structural Work Act has never been interpreted, nor was it intended, to cover any and all construction activities; and that to hold otherwise would permit an employee to stand or walk wherever he wishes, and by his own choice thereby bring himself within the Act, relying upon *Swendsen v. Brighton Building & Maintenance Co.* (1976), 41 Ill. App. 3d 930, 355 N.E.2d 164. The injured plaintiff in *Swendsen* was engaged in stacking 40-foot-long steel pilings which had been removed from the Illinois River bed and placed on the river bank after having formed the walls for work areas in the bed within which construction was being carried on. A crane lifted each piling from a barge to the shore, by use of a spreader, cables and hooks. Plaintiff there was required to guide the pilings into place on top of the growing stack, unhook one end and thereafter unhook the other end. In going from one end to the other he walked along the piling, which either moved or his foot slipped on wet mud, and he was caused to fall into a drainage ditch, sustaining injuries. The court held that plaintiff

therein failed to establish that he had no alternative except to walk on the piling to get from one end to the other and the fact that a worker chose to · walk upon the stack of materials instead of around it did not convert those materials into a scaffold or support within the meaning of the Act as a matter of law. In the instant case, however, plaintiff argues that in order to operate the machine in question, he was forced to stand partly upon it for support, an allegation which, at this stage of the proceedings, must be accepted as true. (*Landman v. M. Susan & Associates, Inc.* (1965), 63 Ill. App. 2d 292, 293, 211 N.E.2d 407.) Compare *Swendsen v. Brighton Building & Maintenance Co.*, (1976), 41 Ill. App. 3d 930, 355 N.E.2d 164, with *Norton v. Wilbur Waggoner Equipment Rental & Excavating Co.* (1977), 52 Ill. App. 3d 442, 444, 367 N.E.2d 517, *aff'd* (Docket No. 50066, Dec. Term 1978), ___ Ill. 2d ___ , in which the injured plaintiff was allowed to recover under the Act, having been required to walk on bundles of roofing material which had been deposited on top of bar joists in order to disconnect hoisting straps and drop them to the ground when he was inadvertently struck by a "headache ball" and hook hanging from the end of the crane.

Because this case must be returned to the trial court for further proceedings, it is appropriate to note the paucity of necessary allegations in plaintiff's third amended complaint, particularly with respect to the identity and involvement of each of the parties. This point, although not raised either in the trial court or on appeal, defendant Ragnar Benson, Inc., having confined itself to the issues we have outlined in the opinion, nevertheless requires attention so that this case can proceed to an orderly conclusion.

Reversed and remanded for further proceedings not inconsistent with the views herein expressed.

STAMOS, P.J., and PERLIN, J., concur.