MARK A. VULETICH, Plaintiff-Appellant, v. UNITED STATES STEEL CORPORATION, SOUTHWORKS, Defendant-Appellee.

First District (2nd Division)   No. 85—2261

Opinion filed May 6, 1986.

Horwitz, Horwitz & Associates, Ltd., of Chicago (Marc A. Perper and Clifford W. Horwitz, of counsel), for appellant.

George W. Gessler and Mark S. Dym, both of Gessler, Wexler, Flynn, Laswell & Fleischmann, Ltd., of Chicago, for appellee.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals from the adverse entry of summary judgment for defendant in a Structural Work Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 60 *et seq.*) action, seeking review of whether a set of temporary steps leading to and from a tool storage trailer from which plaintiff fell was a support covered by the Act.

On January 13, 1982, plaintiff was employed as a laborer by BMI Industries, a contractor engaged by defendant, U.S. Steel Corporation, to recondition a furnace at defendant's Southworks. After cleaning the furnace for approximately 1½ hours, plaintiff walked to the tool storage trailer located 50 feet from the furnace to return his shovel and broom. The moveable trailer could be hitched onto a truck tractor and driven to different locations. Workers entered the trailer through doors at the rear. The floor of the trailer was 5 feet above ground and a set of six or seven temporary wooden steps allowed workers access to and from the trailer. On the day of the accident, the steps were described by plaintiff as being "shaky," covered with ice and snow and having no handrails. As plaintiff was exiting the trailer and descending the steps, he slipped on the ice and snow. He tried to regain his balance by reaching for nonexistent handrails, but fell down the steps and sustained injuries.

Plaintiff filed an amended complaint in the circuit court seeking recovery under the Act. Defendant moved for summary judgment on the ground that the steps leading to and from the trailer were not covered by the Act. Both parties filed memoranda pertaining to defendant's motion, and the circuit court heard argument. The court found that the steps were merely a pathway and not a support covered by the Act, and entered summary judgment in defendant's favor. Plaintiff's motion for reconsideration was denied, and this timely appeal follows.

The sole issue raised on this appeal is whether the steps leading to and from the trailer were a support covered by the Act, which plaintiff claims to be a genuine issue of triable fact which precludes summary judgment.

■ ■ In some cases such as this, a factual inquiry as to whether a structure is being *used* as a support must be made (*Crothers v. La Salle Institute* (1977), 68 Ill. 2d 399, 411-12, 370 N.E.2d 213; *Louis v. Barenfanger* (1968), 39 Ill. 2d 445, 236 N.E.2d 724; *Acquaviva v. Sears Roebuck & Co.* (1979), 68 Ill. App. 3d 588, 590, 386 N.E.2d 381); in others, however, it is not a question of fact but can be decided as a matter of law involving only statutory construction (see, *e.g., Page v. Corley Cos.* (1985), 131 Ill. App. 3d 56, 58, 475 N.E.2d

571). Nevertheless, in reviewing the circuit court's entry of summary judgment in defendant's favor, it must be determined whether that judgment was correct as a matter of law. *Rambert v. Advance Construction Co.* (1985), 134 Ill. App. 3d 155, 157, 479 N.E.2d 1007.

Plaintiff here contends that the steps involved are covered by the Act, relying upon *Ashley v. Osman & Associates, Inc.* (1983), 114 Ill. App. 3d 293, 448 N.E.2d 1011, in which a worker was injured when he slipped and fell from planks and concrete forms which had been set up as a walkway to prevent workers and material from sinking into mud covering a construction site. To determine whether the planks and concrete forms were supports covered by the Act, the *Ashley* court employed a three-pronged inquiry: (1) what the intended use of the device in question was at the time of the injury; (2) whether the injury was connected to the dangerous nature of the device; and (3) whether the element of danger involved in the use of this device was the type of danger which the legislature sought to alleviate through the Act. 114 Ill. App. 3d 293, 296-98, 448 N.E.2d 1011.

Here, plaintiff asserts that application of the *Ashley* guidelines demonstrates that the steps leading into the trailer are supports covered by the Act. First, he maintains that the steps were intended to be a temporary platform which would elevate workers and materials to the trailer. Second, plaintiff contends that his injury was connected to the hazardous condition of the steps in that he slipped on the ice and snow which covered the steps and he was not able to regain his balance due to the absence of handrails. Finally, he urges that because unloading materials is a necessary task incident to a workers' duties (*McNellis v. Combustion Engineering, Inc.* (1974), 58 Ill. 2d 146, 150-51, 317 N.E.2d 573; *Ashley v. Osman & Associates, Inc.* (1983), 114 Ill. App. 3d 293, 299-300, 448 N.E.2d 1011), the element of danger involved in his using the steps was intended to be covered by the Act.

■ We see little difference between the facts in this case and those reported in *Walsh v. Dream Builders, Inc.* (1970), 129 Ill. App. 2d 280, 264 N.E.2d 247. In that case, plaintiff was injured when a temporary stairway at the jobsite collapsed as he stepped on it. The stairway was the only means of ingress and egress between the landing and the first floor, as was the stairway here between the trailer and the ground. As here, there were no handrails or back supports for the stairways. Plaintiff in *Walsh* mixed plaster outside of the building and brought it on a hod to two plasterers inside the building. After dumping a load of plaster he came down from the second floor to the first, and when he stepped on the temporary stairway leading from the first floor to the landing, the first step gave way and

knocked down the other steps. We fail to see how the temporary steps leading from the landing to the first floor in *Walsh* was any the less a pathway for the plaintiff there, or how the temporary stairs leading from the ground up into the trailer in the instant case was any the less a support upon which plaintiff was obliged to ascend and descend in order to perform his duties. Although the question of whether the stairway in *Walsh* was or was not a support covered by the Act was not an issue in that case, it is nevertheless instructive and illuminating in resolving that issue here. The circuit court in the case *sub judice*, in holding the stairway to be merely a pathway as a matter of law, was in error; summary judgment for defendant must be reversed and the cause remanded for trial. Among the fact questions to be answered at trial is how the stairway was being utilized at the time of the accident. *Crothers v. La Salle Institute* (1977), 68 Ill. 2d 399, 370 N.E.2d 213; *Louis v. Barenfanger* (1968), 39 Ill. 2d 445, 236 N.E.2d 724; *Acquaviva v. Sears Roebuck & Co.* (1979), 68 Ill. App. 3d 588, 386 N.E.2d 381.

The cases relied upon by defendant and the circuit court are distinguishable: *Choi v. Commonwealth Edison Co.* (1984), 129 Ill. App. 3d 878, 473 N.E.2d 385; *Page v. Corley Cos.* (1985), 131 Ill. App. 3d 56, 475 N.E.2d 571; *Quinn v. L.B.C., Inc.* (1981), 94 Ill. App. 3d 660, 418 N.E.2d 1011; and *Tenebaum v. City of Chicago* (1975), 60 Ill. 2d 363, 325 N.E.2d 607. All involved plaintiffs who were injured while walking across completed floors, or, as in *Page*, a completed floor covered by masonite sheets. A completed floor is not incontrovertibly used in the same way as a set of temporary steps, although both may be used as pathways. The critical inquiry in this case is the actual use of the steps in connection with plaintiff's duties at the time of his injury. If the steps had an essential use in addition to use as pathway, which appears to be the situation here, the cases cited by defendant are not dispositive. A reasonable argument can well be made that the temporary steps involved here served not only as a mere pathway, but were also a temporary platform required to elevate workers to and lower them from the tool trailer and, therefore, was a device explicitly covered by the Act. Ill. Rev. Stat. 1985, ch. 48, par. 60.

For the foregoing reasons, the summary judgment entered for defendant must be reversed and the cause remanded for trial.

Reversed and remanded.

BILANDIC, P.J., and SCARIANO, J., concur.