JOSEPH W. MILLER, Plaintiff-Appellant, v. CLARK WOOD CONSTRUCTION COMPANY, INC., Defendant-Appellee.

Fifth District   No. 5—85—0790

Opinion filed on December 2, 1986.—Rehearing denied January 5, 1987.

724

Robert L. Douglas and Fred W. Johnson, both of Law Offices of Robert L. Douglas, Ltd., of Robinson, for appellant.

James B. Wham, of Wham & Wham, of Centralia, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Joseph W. Miller, appeals the entry of summary judgment by the circuit court of Clay County in favor of general contractor/defendant, Clark Wood Construction, Inc., in the plaintiff's action brought under the Structural Work Act (Ill. Rev. Stat. 1973, ch. 48, par. 60 *et seq*).

Plaintiff was employed as an oiler by Ross Moore, Inc., a subcontractor furnishing a mobile crane used in the construction of a public library building in Flora. Defendant was the general contractor on the project. The crane, referred to as a "stick crane" because of its extended boom consisting of sections fastened together by metal pins, was used, on one day, November 22, 1974, in lifting steel joists in the construction of the library building. An operator was also furnished by Ross Moore, Inc. In addition, three ironworkers, hired by defendant, were employed to set the joists on the roof of the building.

The work for which the crane was utilized was completed at approximately 2:30 p.m. on November 22, 1974. The crane was moved to the parking lot adjacent to the work site. A dispute arose between the plaintiff, the operator, and the ironworkers over which craft should dismantle the crane boom. Defendant states that the ironworkers were not authorized to perform this work; nonetheless, at their insistence, they assisted plaintiff and the crane operator in doing so. While the boom was being dismantled and loaded onto Ross Moore, Inc.'s truck, plaintiff, who had driven the truck into position, was injured when he walked under the boom and a section fell on him.

Plaintiff's complaint alleged that defendant, having charge of the work, failed to dismantle the crane in a safe manner and failed to supervise properly and exercise control over, although it was his duty to do so, the erection and dismantling of the crane.

The trial court granted summary judgment because the crane was not engaged in the erection, repair, alteration, or removal of the building project at the time of the accident. Count II of plaintiff's complaint based on negligence is not here involved and remains pending in the trial court.

■ We repeat the general rule that summary judgment should not be granted unless the right of the moving party is clear and free from doubt. In considering whether genuine issues of fact are present, the evidence must be construed strictly against the moving party, and if more than one conclusion or inference may be drawn from the facts, the motion should be denied even if there is no dispute as to the evidence. *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871; *Martin v. Hertz Corp.* (1982), 104 Ill. App. 3d 592, 594, 432 N.E.2d 1262, 1264.

We believe the trial court was in error in its ruling that no question of fact was presented on the applicability of the Structural Work Act on these facts, viewed most liberally in plaintiff's favor, as we must. *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64.

This case is distinguishable from *Cooley v. Central Illinois Public Service Co.* (1982), 110 Ill. App. 3d 685, 442 N.E.2d 1330, where we held that the operator of a crane that was out of service for repairs was not engaged in a structural work activity when he slipped because of muddy conditions while entering the cab of the crane. In *Cooley* we distinguished *McNellis v. Combustion Engineering, Inc.* (1973), 13 Ill. App. 3d 733, 301 N.E.2d 96, *aff'd* (1974), 58 Ill. 2d 146, 317 N.E.2d 573, where a workman was killed while engaged in the dangerous activity of unloading 20,000-pound pedestals from a railroad car because a crane, which was available for use, was not employed to hold the pedestals in place. We reasoned:

"In *McNellis*, the deceased workman was engaged in an extrahazardous activity which was an integral part of the steel erection operation. This cannot be said of plaintiff here. \*\*\*

\*\*\* Here, not only was the crane out of service but the activity in which plaintiff was engaged, entering the cab of the crane, was not a hazardous construction activity." *Cooley v. Central Illinois Public Service Co.* (1982), 110 Ill. App. 3d 685, 690-91, 442 N.E.2d 1330, 1333-34.

In *Rayfield v. Homart Development Co.* (1981), 100 Ill. App. 3d 620, 427 N.E.2d 193, the court reasoned that recovery under the Structural Work Act could be had only where the injury occurred "because of the unsafe operation of the mechanical contrivance as well as cases in which injuries occurred due to a functional or operational defect of the mechanical contrivance." 100 Ill. App. 3d 620, 623, 427 N.E.2d 193, 196.

■ Applying the reasoning of these cases to the instant facts, we cannot conclude, as a matter of law, that the activity in which plaintiff was arguably engaged at the time of his injury was not that kind of hazardous construction activity within the purview of the Structural Work Act. Plaintiff was in fact injured in the dismantling of the boom. One could conclude that a mobile truck crane can only be transported over the highway with its boom dismantled and that the dismantling of the boom was a necessary component of the use of the crane in the erection of this library building. In short, we find the reasoning of *McNellis* applicable to these facts, when viewed most favorably to plaintiff on summary judgment.

The judgment of the circuit court of Clay County is reversed and the cause is remanded for further proceedings consistent herewith.

Reversed and remanded.

JONES and HARRISON, JJ., concur.