BORG-WARNER LEASING, INC., Plaintiff-Appellee, v. DONALD W. BAUER, Defendant-Appellant and Third-Party Plaintiff (First National Bank of Effingham, Third-Party Defendant).

Fifth District   No. 5—88—0277

Opinion filed October 3, 1989.

Donald W. Bauer, of Altamont, appellant *pro se.*

Lou J. Viverito, of Taylor Law Offices, P.C., of Effingham, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Donald Bauer, appeals from an order of the circuit court of Effingham County granting plaintiff's, Borg-Warner Leasing's, motion for summary judgment. Defendant raises several issues on appeal but the crux of these issues is whether the circuit court erred when it granted summary judgment for plaintiff. This court affirms.

■■ ■ It is well established that a motion for summary judgment should be granted if the record discloses that there is no genuine issue of material fact and that the moving party is therefore entitled to judgment as a matter of law. (*Economy Fire & Casualty Co. v. Kubik* (1986), 142 Ill. App. 3d 906, 908, 492 N.E.2d 504, 506.) The purpose of the summary judgment is not to try an issue of fact but to determine whether a triable question of fact exists. (*Miller v. Smith* (1985), 137 Ill. App. 3d 192, 196, 484 N.E.2d 492, 495-96.) The use of summary judgment is an aid in the expeditious disposition of a lawsuit, but it is a drastic means of disposing of litigation and should only be allowed when the right of the moving party is clear and free from doubt. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) In considering whether a genuine issue of fact is present, evidence must be construed strictly against the moving party, and if more than one conclusion or inference may be drawn from facts, the motion for summary judgment should be denied even if there is no dispute as to the evidence. *Miller v. Clark Wood Construction Co.* (1986), 151 Ill. App. 3d 723, 725, 502 N.E.2d 1061, 1062.

Defendant raises several errors. He argues that the complaint failed to state a cause of action because it failed to allege that plaintiff has done everything that the terms of the lease agreement or lease contract requires of it. Defendant states that in stating a cause of action for breach of contract, the plaintiff must allege the existence

of the contract, the plaintiff's performance of all contractual obligations required of him, the facts constituting the alleged breach and the existence of damages resulting from the breach, citing *Segall v. Berkson* (1985), 139 Ill. App. 3d 325, 332, 487 N.E.2d 752, 757. In this case, defendant argues that plaintiff failed to allege that it had done all that was required of it by the terms of the lease contract.

■ This court finds that plaintiff did allege all the elements for a breach of a lease contract. Plaintiff alleged in both counts of its complaint that there was a contract to lease for that specific farm equipment. Both counts contained allegations regarding the dates of the contracts, the payment schedule and when defendant defaulted on each contract. Plaintiff stated the terms of the contract regarding default and what attempts plaintiff made under the default provisions of the contract. Plaintiff also alleged that it sent a notice to defendant which stated that all rental payments under the lease contract were due and payable by a certain date. Plaintiff alleged the amount of rental due and owing under each contract. Plaintiff also alleged damages recoverable pursuant to the lease contract in its prayer for relief.

■ In light of the type of contract, plaintiff has alleged all the necessary elements to state a cause of action for breach of that contract. Plaintiff acquired and leased certain farm equipment to defendant. Defendant was to pay a certain sum for each piece of equipment on a set date annually. When defendant failed to pay that amount in two consecutive years, plaintiff's only obligation under the contract was to seek redress. This court finds that plaintiff has alleged with specificity that it has performed all of its obligations pursuant to the lease agreement. Furthermore, "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he *** is called upon to meet." Ill. Rev. Stat. 1987, ch. 110, par. 2—612(b); *Pieszchalski v. Oslager* (1984), 128 Ill. App. 3d 437, 443, 470 N.E.2d 1083, 1089.

In *Pieszchalski*, the court noted that the party arguing the pleading defect had filed an answer to the complaint making no reference to the pleading issue, filed interrogatories, petitioned for a change of venue, and filed a motion to dismiss which was denied.

■ In this case, defendant filed an unverified answer on November 5, 1985, and on December 17, 1987, filed a verified answer. In both answers, defendant made no reference to the pleading issue. Later, defendant filed interrogatories on July 6, 1986, August 22, 1986, and November 5, 1988. On May 26, 1987, and February 8, 1988,

defendant filed a motion for change of venue. On October 13, 1987, defendant filed a motion for leave to withdraw the original answer and file amended and further answers and affirmative defenses. On November 2, 1987, defendant filed a motion to dismiss. This court finds that in light of the complaint and the attached exhibits, as well as defendant's answers and motion, the trial court finding was not contrary to the law or against the preponderance of the evidence. Defendant's argument is without merit.

Defendant also argues that the trial court abused its discretion by granting summary judgment because there were genuine issues of fact to be tried. Defendant specifically argues that the notice of sale and the sale of the grain bin was unconscionable and in violation of the Uniform Commercial Code (Ill. Rev. Stat. 1987, ch. 26, par. 1—101 *et seq.*). However, after reading the entire record, this court finds defendant's argument without support.

■ The lease contract at issue is a true lease, not a lease intended as security, and as such is not subject to the Uniform Commercial Code. The lease agreement provisions provided: (a) that defendant was to return the equipment to plaintiff at end of lease; (b) that defendant did not have an option to purchase the equipment; (c) that the equipment was the sole and exclusive property of plaintiff; (d) that only plaintiff could assign its rights under the lease. *In re Loop Hospital Partnership* (N.D. Ill. 1983), 35 Bankr. Rep. 929; Ill. Rev. Stat. 1987, ch. 26, pars. 1—201(37), 9—105(1)(m).

In light of this court's findings, this court need not address defendant's last two issues: whether the sale of the grain bin was commercially reasonable and whether plaintiff met its burden of proof of the reasonableness of the sale of the grain bin. The sale at issue was not governed by the Uniform Commercial Code.

For the foregoing reasons, the order of the circuit court of Effingham County is affirmed.

Affirmed.

WELCH, P.J., and RARICK, J., concur.