FRANK DUBROVICH, Plaintiff-Appellant, v. COMMONWEALTH EDISON COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—89—3229

Opinion filed January 31, 1991.

---

David J. Fares, of Creswell, Fares & Ryan, of Chicago Heights (Karenne A. Giannini, of counsel), for appellant.

Robert L. Bartolone, Sandra Young, and Thomas B. Underwood, all of Purcell & Wardrope, Chartered, of Chicago, for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Frank Dubrovich (plaintiff) filed suit under the Structural Work Act (the Act) (Ill. Rev. Stat. 1987, ch. 48, par. 60 *et seq.*) against an owner and various contractors (hereinafter collectively referred to as defendants) with respect to injuries plaintiff sustained at defendants' worksite. The trial court entered summary judgment in defendants' favor because it determined that plaintiff's ascension of a makeshift ladder while carrying a box of bolts, in order to cross over a large pipe encumbering plaintiff's work area, was not governed by the Act. Based upon our review of the record, we conclude that plaintiff's

actions at the time of his injury amounted to a structural work activity under the Act. Accordingly, we reverse and remand.

The record reveals the following pertinent facts, as stated in the plaintiff's deposition testimony submitted by defendants in support of their summary judgment motion. Plaintiff was injured in March 1983 while working as a pipefitter at the Braidwood Nuclear Power Station. Plaintiff's duties were to mount and weld whip restraints onto imbedded steel plates located on the walls inside containment building No. 1 at the power station. The building had both an inner and outer wall, and the walls were approximately 30 to 40 feet apart from each other. Plaintiff's work area was below ground level inside building No. 1 between the inner and outer walls. There was no underground flooring, and carpenters had placed unfinished plywood planks across steel beams to provide a footing for the work to be performed by plaintiff and other members of his crew. These planks were not secured to the steel beams upon which the planks had been laid.

A large pipe, approximately 36 to 42 inches in diameter, ran horizontally from the inner wall to the outer wall in the plaintiff's work area. The plywood planks installed as flooring were not placed at the same level on the two sides of this pipe. On one side of the pipe, the planks were placed 18 inches below the bottom of the pipe. On the other side of the pipe, the plywood planks were placed a few feet above the bottom of the pipe. Because of this uneven configuration in the placement of the plywood planks, the pipe was approximately five feet higher than the planks on one side of the work area, and only a few feet higher than the planks on the opposite side of the work area.

In order to perform his various duties at the work area, plaintiff was required to traverse the pipe on numerous occasions throughout the day. To cross over from the side of the pipe where the planking was higher, plaintiff would use valves on the pipe as handholds and footholds. To cross over the pipe from the side where the planking was lower, plaintiff would climb a makeshift wooden ladder, constructed by carpenters at the site, that stood unsecured against the side of the pipe. The ladder was approximately five feet tall. Its sides consisted of plywood planks that were either 2 x 4 or 2 x 6, and it had wooden rungs as footholds. According to plaintiff, it was possible to go from one side of the pipe to the other only by scaling the pipe in this manner.

On the day of the plaintiff's injury, plaintiff had reported for work and had been assigned to perform tasks at his work area. At some point during the work day, plaintiff had to cross over the pipe. Carrying a box of nuts and bolts, plaintiff began to ascend the ladder in or-

der to scale the pipe. When plaintiff reached the third rung of the ladder, the ladder shifted and slid about one foot to the right across the unfinished plywood planking on which the ladder stood. Because of this shift, plaintiff slipped and hit his right knee on either the ladder or on the pipe. Plaintiff was able to reestablish his balance and continued over and down the pipe. He completed his duties for the remainder of the day. Thereafter, plaintiff's knee injury worsened and required substantial medical treatment.

The trial court entered summary judgment in defendants' favor on the ground that plaintiff's use of the ladder at the time of his injury was not a protected activity under the Act. Plaintiff's timely appeal followed.

■■ Plaintiff argues that his actions when he was injured amounted to a hazardous activity on a support governed by section 1 of the Structural Work Act. This section states in pertinent part:

"All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed *** for the use in the erection, repairing, alteration, removal or painting of any house, building, *** or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon ***." Ill. Rev. Stat. 1989, ch. 48, par. 60.

■■ ■ Although the Act should be liberally construed in order to carry out its intended purpose, the Act is not designed to govern all injuries that may occur at a construction site. Rather, the Act should be interpreted in order to provide protection to those injured at a construction site because of the particular hazards associated with the use of scaffolds and other similar types of support devices to perform one of the specific activities enumerated in the Act, *i.e.*, the erection, repair, alteration, removal, or painting of a building or other similar structure (hereinafter collectively referred to as structural work activities). (*Lafata v. Village of Lisle* (1990), 137 Ill. 2d 347, 354, 561 N.E.2d 38; *Meyer v. Caterpillar Tractor Co.* (1990), 135 Ill. 2d 1, 7-8, 13-15, 552 N.E.2d 719.) The ultimate inquiry is whether the danger created by the worker's elevation in the use of a support is the type of hazard the Act is intended to alleviate. (*Lafata*, 137 Ill. 2d at 357; *Meyer*, 135 Ill. 2d at 12-15; *Vuletich v. United States Steel Corp.* (1987), 117 Ill. 2d 417, 422-24, 512 N.E.2d 1223.) In this regard, the court takes into account all relevant circumstances surrounding the plaintiff's activity at the time of his injury. *Meyer*, 135 Ill. 2d at 12-14.

The instant appeal does not present the question of whether plaintiff was engaged upon a "support" under the Act. The undisputed facts show that plaintiff was injured while climbing a ladder and that his injuries resulted from his doing so. (See *Ashley v. Osman & Associates, Inc.* (1983), 114 Ill. App. 3d 293, 297-98, 448 N.E.2d 1011 (factors pertaining to whether particular device is a "support" under the Act).) The case at bar presents the question of whether plaintiff was engaged in a structural work activity at the time of his injury. See, *e.g., Long v. City of New Boston* (1982), 91 Ill. 2d 456, 440 N.E.2d 625 (use of ladder to string lights for holiday decorations not structural work activity).

■ Defendants argue that plaintiff was not engaged in a structural work activity at the time of his injury, because plaintiff was not using the ladder to directly perform his assigned task of mounting and welding whip restraints. (See, *e.g., McInerney v. Hasbrook Construction Co.* (1975), 62 Ill. 2d 93, 338 N.E.2d 868 (worker fell from ladder while painting house); *Mathieu v. Venture Stores, Inc.* (1986), 144 Ill. App. 3d 783, 494 N.E.2d 806 (worker jumped from falling ladder while attempting to install concrete panel).) However, Illinois precedent also holds that the Act governs when the worker was engaged in a hazardous task that was essential to the worker's structural work activities. (See, *e.g., Lafata,* 137 Ill. 2d at 355-58; *Smith v. The Excello Press, Inc.* (1988), 169 Ill. App. 3d 1084, 1094-95, 523 N.E.2d 1231 (Act applies where worker either performing structural work activity or undertaking hazardous act essential to structural work activity).) Consequently, plaintiff's failure to use the ladder in question to directly mount or weld whip restraints does not necessarily defeat his claim under the Act.

Defendants also argue that plaintiff was not engaged in a hazardous task that was essential to plaintiff's structural work activities of mounting and welding whip restraints. Defendants suggest that plaintiff was engaged in no more than moving about the jobsite at the time of his injury, and that such activity does not constitute a protected structural work activity. The facts of record do not support defendants' argument.

■ Plaintiff was injured in his immediate work area, which was constructed by temporarily placing unfinished plywood planking across steel beams in an underground area at containment building No. 1. The planking was placed at various levels, and the ladder was necessary in order to permit plaintiff and others in his crew to traverse the five-foot pipe that encumbered the workspace. The five-foot makeshift ladder *was not* attached to the pipe or the flooring and had

rungs as footholds. It was only by using this ladder to cross over the pipe that plaintiff could perform his assigned tasks in his work area, and plaintiff was so engaged when he was injured.

The facts of the instant cause are substantially similar to cases wherein recovery under the Act was permitted when the worker: fell from a ladder while descending into an ash pit in order to repair equipment located in the pit (*Simmons v. Union Electric Co.* (1984), 104 Ill. 2d 444, 473 N.E.2d 946); fell when he attempted to descend a ladder while carrying roofing materials (*McKanna v. Duo-Fast Corp.* (1987), 161 Ill. App. 3d 518, 515 N.E.2d 157; *Bishop v. Crowther* (1980), 92 Ill. App. 3d 1, 415 N.E.2d 599); or slipped and fell while he was carrying a propane tank across a temporary ramp used to elevate workers from unusually muddy conditions in the work area. (*Ashley*, 114 Ill. App. 3d 293; see also *Lafata*, 137 Ill. 2d 347 (worker struck by pipe as worker held pipe steady while it was suspended and transported by endloader; failure to provide adequate support for pipe violated Act because plaintiff's tasks were hazardous and essential to a structural work activity); *Miller v. Clark Wood Construction Co.* (1986), 151 Ill. App. 3d 723, 502 N.E.2d 1061 (worker injured when part of boom fell upon him during dismantling of boom; failure to provide adequate support for boom violated Act because dismantling of boom was hazardous and essential to structural work activity); *Prange v. Kamar Construction Corp.* (1982), 109 Ill. App. 3d 1125, 441 N.E.2d 889 (worker injured when poles slid from forklift onto operator compartment of tractor in which worker was sitting in order to transport poles; failure to provide adequate support for poles violated Act because transporting poles through use of forklift was hazardous and essential to structural work activity).) Given the plaintiff's use of the ladder to carry his construction supplies at his immediate work area, and the unusual configuration of the plaintiff's work area presented in the instant cause that necessitated the use of the ladder, we conclude that the task in which plaintiff was engaged at the time of his injury is properly considered a structural work activity under the Act.

The facts of the case at bar are distinguishable from Illinois decisions wherein coverage of the Act was denied because the worker, at the time of his injury, was engaged in a nonhazardous and nonessential construction activity while the worker was walking upon a contrivance that was not a "support" under the Act. (See *Vuletich*, 117 Ill. 2d 417 (temporary stairs); *Crafton v. Lester B. Knight & Associates, Inc.* (1970), 46 Ill. 2d 533, 263 N.E.2d 817 (tractor); *Bolsmo v. Mark V Roofing Co.* (1989), 190 Ill. App. 3d 334, 546 N.E.2d 634

504

(roof not in immediate work area); *Latronica v. Commonwealth Edison Co.* (1988), 171 Ill. App. 3d 202, 524 N.E.2d 1186 (drill rig); *Smith v. The Excello Press, Inc.* (1988), 169 Ill. App. 3d 1084, 523 N.E.2d 1231 (floor cluttered by debris); see also *Meyer*, 135 Ill. 2d 1; *Carnevale v. Inland Ryerson Building Systems* (1988), 169 Ill. App. 3d 740, 523 N.E.2d 1056; *Harper v. Schal Associates, Inc.* (1987), 159 Ill. App. 3d 542, 510 N.E.2d 1061.) None of these cases involved a device specifically enumerated in the Act, such as a ladder. In addition, none of these decisions revealed an unusual configuration of planking, encumbered by a five-foot-high pipe in a worker's immediate work area, that required the use of a ladder in order to perform the worker's structural work activities in his work area.

For these reasons, we conclude that the trial court erred when it entered summary judgment in defendants' favor with respect to plaintiff's Structural Work Act claim. Accordingly, the judgment of the circuit court of Cook County is reversed, and the cause remanded for further proceedings.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.